UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-30446-HDH-7 |
| | § | |
| COOL PARTNERS, INC., | § | |
| _____ | § | |
| ROBERT YAQUINTO, CHAPTER 7 | § | |
| TRUSTEE FOR THE ESTATE OF | § | |
| COOL PARTNERS, INC., | § | |
| | § | |
| Plaintiff, | § | ADVERSARY NO. 04-3041 |
| | § | |
| V. | § | CIVIL ACTION NO. 3:05-CV-0085-B |
| | § | |
| CHRISTIAN BRIGGS, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| V. | § | |
| | § | |
| RICHARD MILLMEN, et al., | § | |
| | § | |
| Third Party Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the motion of Third Party Defendants Larry Dantzler, Leo J. Hindery, Jr., Richard M. Millman, Timothy Robertson, Bayshore Enterprises, L.L.C., LJH Partners, L.P., Camber Private Investments, L.L.C., Lamont Partners, L.L.C., Data Foundation, Inc. (Delaware), Pegasus Venture Fund FF I, L.P., Pegasus Venture Fund I, L.P., and Pegasus Venture Management, L.L.C. (collectively "Third Party Defendants"[1]) for leave to appeal the Order on Motion of Third

---

[1] The movants refer to the individual third party defendants Dantzler, Hindery, Millman and Robertson as the "New Directors," and to the remaining company third party defendants as "Entity Defendants."

-1-

Party Defendants to Dismiss Third Party Complaint (doc. 125) entered in the above captioned adversary proceeding by the bankruptcy court on December 23, 2004. Noting that there has been no response filed, the Court nonetheless DENIES the motion for the reasons discussed, without requiring additional briefing.

This is a motion for leave to appeal an order of the bankruptcy court denying the motion of the Third Party Defendants to Dismiss Christian Briggs' Third Party Complaint on December 23, 2004. The bankruptcy court previously entered orders denying the motions to dismiss of "the New Directors" and of Christian Briggs ("Briggs") on December 19, 2004 and December 21, 2004, respectively. The Appellants filed the instant motion for leave to appeal and notice of appeal with the bankruptcy court on January 3, 2005.

## I. SUBJECT MATTER JURISDICTION

Federal Bankruptcy Procedure Rules 8002(a) and 8001(b) provide that a notice of appeal or notice for leave to appeal an order of the bankruptcy court must be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Rule 8002(a); *see also* Rule 8001(b). Before the Court can consider the Third Party Defendants' Motion, it must first determine whether it has subject matter jurisdiction to do so. The requirement of a timely filed appeal is jurisdictional, and may not be waived by either party. *Matter of Topco, Inc.*, 894 F.2d 727, 733 n. 7 (5th Cir. 1990); *Matter of Robinson*, 640 F.2d 737, 738 (5th Cir. 1981). Although the Appellants do not address the issue of subject matter jurisdiction, the Court has examined the issue and finds that the motion and accompanying notice of appeal were filed with the bankruptcy court within the ten day time period allowed by the Federal Bankruptcy Rules. *See id*; *see also* Bankr. Rule 9006(a) (describing method for calculating time under the Federal Bankruptcy Rules). *See* Bankr. R. 9006(a). Thus,

having established jurisdiction, the Court will analyze the merits of the motion.

## II. BACKGROUND

The Chapter 7 Trustee for the estate of Cool Partners, Inc. ("CPI") in the underlying case has brought this adversary proceeding against certain of CPI's former directors and officers, including Briggs, who is among those who "initially directed the affairs of CPI" or the "Old Directors." (Motion at 3). The Trustee alleges various tort claims committed by Briggs and other former directors and officers during their management of CPI. (*Id.*). Briggs ceased his tenure as an officer of the company in April 2000. (*Id.*) (citing Briggs' Third Party Complaint Against New Directors at ¶ 3.1).

In a second adversary proceeding filed by the Trustee, a different group of officers and directors, the "New Directors," have been sued for torts which allegedly took place following the departure of the Old Directors. (*Id.*). Briggs has filed a Third Party Complaint against each of the New Directors in the first lawsuit, in which he is a defendant, seeking contribution. (*Id.*). The Third Party Defendants moved to dismiss Briggs' Complaint against them on June 14, 2004. (*Id.*). The bankruptcy court denied their motion on December 23, 2004. (December 23, 2004 Order). The Third Party Defendants now seek leave to appeal that interlocutory ruling on their motion to dismiss.

## III. ANALYSIS

The Third Party Defendants' Motion for Leave to Appeal is a motion for leave to appeal an interlocutory order of the bankruptcy court which may only be appealed upon leave of the district court pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003(a). Such leave should only be granted when the order involves a controlling question of law over which there is substantial basis for disagreement and for which an appeal will advance the ultimate termination of the litigation. *In*

*re Ichinose*, 946 F.2d 1169, 1177 (5th Cir.1991); *Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 844 (6th Cir. BAP 1998). The Fifth Circuit has sanctioned the application of 28 U.S.C. § 1292(b) in deciding whether to grant interlocutory appeal in bankruptcy cases. *See In re Ichinose*, 946 F.2d at 1177; *see also In re Carden*, 1997 WL 361898 (E.D. La. 1997).

Applying 28 U.S.C. § 1292(b), which defines the jurisdiction of courts of appeal to review interlocutory orders, review should be "sparingly granted and then only in exceptional cases." *Wicheff*, 215 B.R. at 844 (citing *Abel v. Shugrue* (*In re Ionosphere Clubs, Inc.*), 179 B.R. 24, 28 (S.D.N.Y. 1995)) ("[L]eave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'").

The Defendants' arguments encompass a number of factual and legal issues regarding contribution under Texas law. (*See generally*, Motion). The Court will address each argument in turn. First, the Third Party Defendants claim that Briggs cannot seek contribution against them because the Texas Statute which allows such claims, Texas Civil Practice and Remedies Code section 33.016(a), limits contribution to defendants "from whom the claimant seeks no relief at the time of submission." (TCPRC § 33.016(a); Motion at 9-10). The Court agrees with the bankruptcy court's interpretation of Texas law, however, and finds that "the separate action brought by the Trustee" against the New Directors does not Barr Briggs' contribution suit. (Order at 3).

Second, the New Directors claim that they may not be held liable to Briggs under the Texas statute because they are not "joint tortfeasors." (Motion at 10) (citing, e.g., *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)). This issue, however, involves a fact

-4-

determination inappropriate for interlocutory appeal. Texas law defines joint tortfeasors as those "whose tortious conduct combines as a legal cause of a single and indivisible harm to the injured party," and cannot be decided without making a determination of fact as to whether the New Directors acted jointly with Briggs to cause the injury to the CPI estate. *Alabama Great Southern R.R. Co. v. Allied Chem. Corp.*, 501 F.2d 94, 99 n. 4 (5th Cir. 1994). Moreover, as the bankruptcy court noted, "there is Texas authority holding that a subsequent actor, such as the Movants, may be a joint tortfeasor." (December 23, 2005 Order at 3) (citing *Pacesetter Pools, Inc. v. Pierce Homes, Inc.*, 86 S.W.3d 827 (Tex. App.–Austin 2002). The Court agrees with the bankruptcy court's analysis that "the basic requirements for bringing a contribution claim against [the] Movants have been satisfied."

Third, the Third Party Defendants object to Briggs' claim that they are liable pursuant to Federal Rule of Civil Procedure 14, because the rule does not create a cause of action. However, as the movants concede, Briggs' "brief in response to the motion to dismiss disavowed any substantive claim under Rule 14," thus rendering this issue moot. (Motion at 15; Briggs' Response to New Directors' Motion to Dismiss Third Party Complaint at 3).[2]

Finally, Nothing in the record before us suggests that "an immediate appeal would materially advance the termination of the litigation"– in this instance, the underlying bankruptcy case. *Wicheff*, 215 B.R. at 844. The Third Party Defendants have not demonstrated how a dismissal of Briggs'

---

[2] The Third Party Defendants also make the circuitous argument that Briggs cannot seek recovery against them because the Trustee Plaintiff has no cause of action against them. The movants base this argument on their separate motion to dismiss the Trustee's claims which was also denied by the bankruptcy court, and for which they have sought a separate leave to appeal. (Motion at 13).

claims against them would advance the CPI liquidation.  Allowing such an appeal would merely serve to delay the underlying case.  *See, e.g., In re Orlean*, 138 B.R. 374, 376-77 (E.D.N.Y. 1992); *see also In re X-Cel, Inc.*, 68 B.R. 131, 133 (N.D. Ill. 1986) (denying leave to appeal order of the bankruptcy court allowing a potential creditor an extension of time in which to file its claim).  The Court thus likewise denies the Appellants' motion for leave to appeal on this basis.

### III.  CONCLUSION

For the reasons discussed, the motion of the Third Party Defendants for Leave to Appeal is **DENIED** in its entirety.

SO ORDERED.

SIGNED August  22nd , 2005

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE